UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLES LAVERNE TAYLOR, JR.,

Plaintiff,

v. CASE NO. 3:24-cv-835-SJH-TJC

THOMAS WATERS, etc., et al.,

Defendants.
________________________________/

# ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Exclude Expert Testimony of Justin D'Arienzo, Motion for Sanctions and Supporting Memorandum of Law ("Motion"), Doc. 41, and the response thereto ("Response"), Doc. 42. For the reasons herein, the Motion is due to be denied.[1]

## I. Background and Issue Presented

The Motion contends that Defendants' proposed expert, Dr. Justin D'Arienzo, failed to fully cooperate and participate in his deposition. Doc. 41. When Plaintiff asked to take a deposition of Dr. D'Arienzo, opposing counsel asked for an estimated deposition length to coordinate scheduling. Doc. 41-1 at 2. Counsel for Plaintiff responded that depositions were unpredictable such that counsel could not commit to

[1] The Motion presents a non-dispositive matter that the undersigned may resolve by order. *See Triolo v. United States*, No. 3:18-cv-919-J-34JBT, 2019 WL 5704659, at *1 (M.D. Fla. Nov. 5, 2019); *Tai-Pan, Inc. v. Keith Marine, Inc.*, No. 95-cv-338-J-20, 1997 WL 714898, at *10–11 (M.D. Fla. May 13, 1997); *see also Banuchi v. City of Homestead*, 606 F. Supp. 3d 1262, 1266 n.1 (S.D. Fla. 2022); *Jarvis v. Carnival Corp.*, No. 1:16-cv-23727, 2017 WL 11219487, at *2 (S.D. Fla. July 31, 2017).

"a specific number of hours" for the deposition but asked "that he set aside two hours at minimum." *Id.* The parties then agreed to conduct the deposition beginning at 2:00 p.m. on June 29, 2026, and Dr. D'Arienzo submitted an invoice requesting advance payment, which stated a total time of two hours based on a half-day rate. Doc. 41 at 3; Doc. 42 at 2; Doc. 41-2 at 2. Plaintiff paid the invoice without objection prior to the deposition. Doc. 41 at 3 n.4; Doc. 42 at 2.

The deposition of Dr. D'Arienzo commenced at 2:07 p.m. on June 29, 2026. Doc. 41-3. Though counsel for Plaintiff prepaid without objection for a two-hour deposition and scheduled the deposition to commence at 2:00 p.m., just a few minutes into the deposition, after expressing frustration about how Dr. D'Arienzo answered some preliminary questions, counsel admonished that "[t]his depo could go on for … seven hours[.]" Doc. 41-3 at 7. Dr. D'Arienzo indicated that he had patients scheduled and had only two hours available for the deposition, at which point counsel for Plaintiff insisted, "it's not going to complete in two hours." *Id.* Counsel and the witness then argued for a bit over the scheduling and what was paid for, before counsel (apparently) returned to questioning the witness. *Id.* at 7–8.[2]

When the deposition neared the two-hour mark, Dr. D'Arienzo reiterated his need to see patients and corresponding intent to leave the deposition, and further squabbling ensued. *Id.* at 9–10. At one point, counsel for Defendants interjected to

[2] The undersigned states "apparently" because the Motion attached only discrete and limited excerpts from the deposition, which are generally limited to the initial squabbling over the time for the deposition and the later squabbling when the witness said he had to leave to see patients. Doc. 41-3.

offer that if the witness had to leave before the questioning was complete, the attorneys would arrange with his office to coordinate a time to continue the deposition—to which counsel for Plaintiff expressed opposition. *Id.* at 10. The deposition stopped at 4:08 p.m. *Id.* at 2, 11.[3]

On July 2, counsel for Defendants sent an email to counsel for Plaintiff offering availability to continue the deposition of Dr. D'Arienzo for two additional hours on July 6, 7, or 8. Doc. 42-1 at 2. Plaintiff has not sought leave to reply and does not dispute failing to respond to this email, failing to offer any dates to schedule a continued deposition, and otherwise failing to respond to the offers during and shortly following the deposition to coordinate a continuation. *See generally* Doc. 41; Doc. 42 at 3–4; Doc. 42-1 at 2.

Instead, on July 11, Plaintiff filed the Motion. Doc. 41. As relief, the Motion seeks sanctions against both Dr. D'Arienzo and counsel for Defendants—specifically that the Court exclude Dr. D'Arienzo from testifying and further sanction both Dr. D'Arienzo and counsel for Defendants by requiring payment of the expenses incurred in making the Motion. *Id.* at 4–11.[4] As the Response puts it, "Plaintiff's counsel never

[3] Some preliminary discussions occurred about trying to schedule a continuation for July 3, but counsel for Plaintiff was not available. Doc. 41-3 at 11. Dr. D'Arienzo agreed to have his office look at dates for alternate availability. *Id.*

[4] There is no indication that counsel for Plaintiff conferred with Dr. D'Arienzo before filing the Motion or that the Motion was even served on Dr. D'Arienzo. Doc. 41 at 11–12. Though the Motion is due to be denied in full, for these additional reasons, the Motion does not warrant sanctions against Dr. D'Arienzo. *See, e.g.*, *Renaissance Specialty Ins., LLC v. Landrum*, No. 5:24-cv-00392-WGY-PRL, 2026 WL 174062, at *1 (M.D. Fla. Jan. 22, 2026); *Hunting v. Cap. One Bank, N.A.*, No. 6:25-cv-1391-JSS-LHP, 2026 WL 35278, at *1 (M.D. Fla. Jan. 6, 2026).

responded to" the multiple overtures to schedule a continuation of the deposition of Dr. D'Arienzo; instead, "counsel objected to continuing her own deposition and filed the instant Motion"; and both Dr. D'Arienzo and counsel for Defendants were "ready and willing to continue the deposition to its conclusion" with only Plaintiff "opposed to completing" it. Doc. 42 at 3–4.

## II. Applicable Law

Under Rule 30(d)(2) of the Federal Rules of Civil Procedure ("Rule(s)"), "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of [a] deponent." Fed. R. Civ. P. 30(d)(2).

Rule 30(d)(3) provides for motions to terminate or limit a deposition "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party[,]" and Rule 37(a)(5) governs an award of expenses on such a motion. Fed. R. Civ. P. 30(d)(3).

Rule 37 in turn allows for a motion to compel where a deponent fails to answer a question, with expenses for such a motion also governed by Rule 37(a)(5). Fed. R. Civ. P. 37(a).

## III. Discussion

Upon consideration, the Motion fails.[5]

[5] In addition to the other issues discussed herein, the Court further notes that Plaintiff's filing of only discrete excerpts from the deposition further limits his arguments by impeding a review and understanding of context, as would be appropriate for fashioning an appropriate remedy if

The Motion primarily seeks relief under Rule 30(d)(2), arguing that Dr. D'Arienzo and counsel for Defendants impeded, delayed, or frustrated the fair examination of the deponent. *See* Fed. R. Civ. P. 30(d)(2). There is partial blame to share. Dr. D'Arienzo probably should not have scheduled patients, thereby limiting his availability to merely two hours. But if Plaintiff truly believed that substantially more time was needed and that the deposition might take up to the full seven hours, then counsel probably should not have scheduled the deposition to start at 2:00 p.m. and probably should have raised a concern when Dr. D'Arienzo sent an invoice reflecting a two-hour deposition. The Court notes that Defendants requested an estimate of the time needed for the deposition; that Plaintiff responded with a minimum estimate of two hours;[6] that Dr. D'Arienzo sent an invoice (which Plaintiff paid) for prepaying two hours of deposition time; and, perhaps most importantly, that

---

sanctionable conduct had occurred. *See, e.g.*, *Avant Garde Eng'g & Res. Ltd. v. Nationwide Equip. Co.*, No. 3:11-cv-525-J-20TEM, 2013 WL 2106817, at *2 n.3 (M.D. Fla. May 15, 2013). The Court will not speculate that the remaining unfiled portions of the depositions support Plaintiff's request for sanctions. *Cf. Kawasaki Kisen Kaisha, Ltd. v. All City Used Auto Parts, Inc.*, No. 3:07-cv-86-J-20MCR, 2008 WL 423456, at *2 (M.D. Fla. Feb. 13, 2008). So, for example, it is unclear what (other than quarrel with the witness) Plaintiff did during the two hours of questioning and/or what topic(s) Plaintiff contends were not adequately covered. If anything, Plaintiff's refusal to try to schedule the continuation of the deposition and charging forward with the sanctions Motion (which seeks fees and exclusion but does *not* seek to compel the conclusion of the deposition) suggests overreaching to try to obtain harsh sanctions without any actual need for further deposition testimony.

[6] Plaintiff couched the estimate as a minimum, and, as discussed, the witness probably should not have limited his availability to two hours or scheduled patients for such time. But, particularly with the deposition being set for late afternoon, it is easy to understand how the estimate could have been misconstrued. Indeed, if, as counsel for Plaintiff suggested just moments into the deposition, it was a realistic possibility that the deposition would take up to seven hours (and it was categorically "not going to be complete in two hours"), then counsel's email was, at best, misleading.

Dr. D'Arienzo and counsel for Defendants promptly offered (to no avail) to reschedule a continuation and completion of the deposition.

Notably, Rule 30(d)(2) sanctions are entirely discretionary. *See* Fed. R. Civ. P. 30(d)(2) ("The court *may* impose an appropriate sanction …." (emphasis added)); *Nebeker v. Nat'l Auto Plaza*, 643 F. App'x 817, 826 (10th Cir. 2016) ("The district court has discretion to impose appropriate sanctions when a person 'impedes, delays, or frustrates the fair examination of the deponent,' but the district court in no way is obligated to do so."); *Trika v. Toll Bros.*, No. 2:22-cv-552-JLB-KCD, 2023 WL 4536359, at *4 (M.D. Fla. July 13, 2023) ("'Wide discretion' applies when considering requests for Rule 30(d)(2) sanctions.").

No such sanctions are warranted here for multiple reasons. First, any misunderstanding as to whether Plaintiff had agreed to limit the deposition at issue to two hours—even if unjustified—does not make the conduct at issue sanctionable. *See, e.g.*, *Higginbotham v. KCS Int'l, Inc.*, 202 F.R.D. 444, 455 (D. Md. 2001) (declining to award sanctions given attorney's conclusion—"albeit mistaken and unjustified" and "resting on a faulty premise"—that opposing counsel had agreed to a one-hour limit on the deposition of a doctor).

Moreover, the prompt remedial actions—including repeated offers, to no avail, to try to schedule a completion of the deposition—further make the imposition of sanctions inappropriate. *See Nebeker*, 643 F. App'x at 826 (affirming denial of sanctions under Rule 30(d)(2) where although defendants' counsel ended "the first deposition by walking out and explaining that it was over only 'because I just said so,'" defendants'

counsel "promptly rescheduled and completed it"); *Trika*, 2023 WL 4536359, at *2–4 (declining to impose sanctions where the witness violated a subpoena by leaving a deposition early to pick her child up from school, under the unsupported impression the deposition would not last as long as it did, and had later agreed with the parties to reconvene and finish the deposition).

Indeed, if anything, the appropriate remedy might have been to require completion of the deposition——but Plaintiff declined that remedy and chose not to seek it in the Motion.[7] *See Boblitt v. BP Expl. & Prod., Inc.*, No. 8:20-cv-1637-CEH-AAS, 2025 WL 948412, at *4 (M.D. Fla. Mar. 28, 2025) (declining to award fees under Rule 37(a)(5) or 30(d)(2) because a "sanction for a discovery violation must be exercised with restraint and discretion, to assure that the sanction is proportionate to the offending conduct" (citation and internal quotation marks omitted)); *A.M. by & through Malcolm v. Bayfront HMA Med. Ctr., LLC*, No. 8:18-cv-2398-JSM-SPF, 2022 WL 17417011, at *6 (M.D. Fla. Dec. 5, 2022) (denying motion for sanctions because "the Court finds the appropriate remedy to be the designation of [a] substitute corporate

[7] The Court acknowledges that it does not appear (due to counsel for Plaintiff's unavailability) that the continued deposition could have been rescheduled within the existing discovery deadline (which the Court has warned against further extending) of July 3, 2026. Doc. 35. But the multiple additional dates offered by Defendants (including July 6, 8, and 8) were shortly thereafter (and before the Motion was filed). Assuming no disagreements or disputes among the parties and witness, the deposition may have been completed by stipulation. *See* Doc. 19 at 2. Or, if relief from the Court was appropriate, a narrow and targeted motion, without opposition, to allow only for the completion of Dr. D'Arienzo's deposition within days of the existing deadline may, under the circumstances, have been warranted. But, as discussed, Plaintiff took no action to seek to continue and finish the deposition, and Plaintiff requests no such relief in the Motion. So, the Court need not consider what would have been authorized had such a request been timely made.

representatives for deposition" and the nonmoving party "offered this relief to Plaintiffs and Plaintiffs failed to take advantage of this offer").

The Court does not condone a rush to seek unnecessary and harsh discovery sanctions where a lesser solution is available. *See, e.g.*, *Entrust Datacard Corp. v. Zeiser GmbH*, No. 3:17-cv-110-J-39MCR, 2019 WL 7423513, at *5 (M.D. Fla. Oct. 28, 2019) (finding it "telling" that a party moved for sanctions rather than attempting to cooperate to resolve concerns over a deposition and reiterating that "[t]he purpose of the discovery rules is to facilitate resolution of cases on their merits with what is supposed to be an efficient self-executing or self-policed exchange of relevant information" and that "[c]reation of satellite litigations or opportunities for seeking sanctions is not a goal of the process" (citation omitted)); *see also Maronda Homes, Inc. of Fla. v. Progressive Exp. Ins. Co.*, No. 6:14-cv-1287-Orl-31, 2015 WL 2169234, at *3 (M.D. Fla. May 8, 2015) (denying sanctions where a party "did not adequately prepare" its designee for a Rule 30(b)(6) deposition but, upon realizing its error, offered a second corporate representative to sit again for deposition and the other party instead moved for sanctions, apparently preferring "to attempt to take advantage of [the] mistake rather than making a 'good faith ... effort to obtain' testimony from a better-prepared corporate representative"); *Gamestop, Inc. v. Loan Ranger Acquisitions, LLC*, No. 8:13-cv-1149-T-36AEP, 2014 WL 12621334, at *2–3 (M.D. Fla. Oct. 28, 2014) (denying motion for sanctions and finding movants "had the opportunity to obtain the requested information without court action, but refused to take advantage of said opportunity" and instead sought sanctions); *Smith v. Bank of Am. Home Loans*, No. 2:11-

cv-676-FtM-29, 2014 WL 169845, at *2 (M.D. Fla. Jan. 15, 2014) (denying sanctions motion where nonmoving party stated it was willing to "cure any responses in the deposition that plaintiffs[] consider inadequate" but plaintiffs "refused such offers and indicated that they would rather seek sanctions than obtain the relevant information"). Under the circumstances, the Court does not deem sanctions—particularly the harsh sanctions demanded in the Motion—appropriate.

For similar and additional reasons, sanctions are not warranted under Rule 37. First, the Motion does not identify the basis on which Plaintiff seeks fee-shifting sanctions under Rule 37(a)(5). Plaintiff has not moved to compel discovery or obtained any relief under Rule 30, Rule 37, or otherwise. Plaintiff appears to cite Rule 37 insofar as its fee-shifting provision governs a Rule 30(d)(3) motion to terminate or limit a deposition—a motion no party ever filed. To the extent Plaintiff, in a Rule 37 discussion, also reiterates the Rule 30(d)(2) assertion that Dr. D'Areinzo "impeded, delayed and frustrated the taking of his deposition," Doc. 42 at 9, the Court has already rejected the imposition of sanctions under Rule 30(d)(2) (which does not even incorporate Rule 37(a)(5)).[8]

[8] Even if the Motion could be construed to otherwise seek any relief under Rule 37, the Motion does not contain the certification required under Rule 37. *See* Doc. 41 at 11; *Esrick v. Mitchell*, No. 5:08-cv-50-Oc-10GRJ, 2008 WL 5111246, at *1 (M.D. Fla. Dec. 3, 2008). Nor, for the reasons discussed, properly could it. *See Maronda Homes*, 2015 WL 2169234, at *3; *Gamestop*, 2014 WL 12621334, at *2. Local Rule 3.01(g) and Rule 37 impose distinct but mandatory conferral and certification obligations, and compliance with the former alone is insufficient. *See e.g., Gamestop*, 2014 WL 12621334, at *2; *see also Aspen Am. Ins. Co. v. Landstar Ranger, Inc.*, No. 3:24-cv-721-ACC-SJH, 2025 WL 2418474, at *4 & n.9 (M.D. Fla. Aug. 21, 2025).

For the reasons discussed herein, Plaintiff failed to make a sufficient effort to obtain the discovery at issue without court action; the decision to stop the deposition at the two-hour mark and offer to reschedule it was substantially justified; and the circumstances would make an expense award in Plaintiff's favor unjust. [9]

**IV. Conclusion**

For the reasons set forth herein, the Motion, Doc. 41, is **denied**.

**DONE AND ORDERED** in Jacksonville, Florida, on July 24, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record

---

[9] The Response also requests an expense award but does not specify on what ground(s). Doc. 42 at 6. A passing and undeveloped argument is insufficient to raise an issue. In addition, as discussed, Plaintiff did not seek relief directly under Rule 37, and Defendants did not move to limit or terminate the deposition under Rule 30(d)(3), so it does not appear that Rule 37(a)(5) was triggered. Nor does Rule 30(d)(2) mandate fee-shifting if a motion is denied (or incorporate Rule 37(a)(5)). Regardless, as discussed herein, there was sufficient blame to share such that each side was partially justified; the circumstances make an expense award unjust; and fee-shifting either way is not warranted under the circumstances.